IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:11cv313-WHA (WO) |
| HOMER BROOKS and LETHA BROOKS | ) ) | |
| Defendants / Counterclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation, PNC MORTGAGE, a division of PNC Bank National Association, McCALLA RAYMER, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC., PROMMIS SOLUTIONS, a limited liability company, PROMMIS SOLUTIONS HOLDING CORPORATION | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a Motion to Remand (Doc. #32), filed by Defendants/Counterclaim Plaintiffs Homer Brooks and Letha Brooks (collectively, the "Brookses").[1]

---

[1]Homer Brooks is deceased.

In December, 2010, Plaintiff/Counterclaim Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") sued the Brookses, as well as fictitious defendants, in the Circuit Court of Chambers County, Alabama. The Brookses answered Freddie Mac's Complaint and also brought counterclaims against Freddie Mac, PNC Mortgage ("PNC"), McCalla Raymer, LLC, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., Prommis Solutions, and Prommis Solutions Holding Corporation. On April 22, 2011, Freddie Mac timely removed the state court case to this court pursuant to 12 U.S.C. § 1452(f). Doc. #4. Subsequently, all of the counterclaim defendants consented to removal.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. MOTION TO REMAND STANDARD

Removal to federal court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. DISCUSSION

The Brookses argue that this court should remand this case to state court because Freddie Mac's removal of this case was improper, due to the fact that Freddie Mac is not a defendant. The Brookses base their argument on the general removal statute, 28 U.S.C. § 1441(a), which reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). This statute allows removal only "by the defendant or the defendants." Moreover, a counterclaim defendant is not a "defendant" within the meaning of this statute. *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Therefore, if the general removal statute governed Freddie Mac's removal rights in this case, Freddie Mac, a plaintiff and counterclaim defendant, would not be able to remove this case to federal court because it is not a "defendant" under the general removal statute.

However, § 1441(a) indicates, by the phrase "[e]xcept as otherwise expressly provided by Act of Congress," that Congress can create exceptions to the rule that only defendants may remove a case to federal court. *See, e.g.*, *S & I 85-1*, 22 F.3d at 1072-73 (11th Cir. 1994) (analyzing a statute granting the Federal Deposit Insurance Corporation ("FDIC") special removal rights, and concluding that the statute enlarged the FDIC's right of removal). Congress has created such an exception in this case. Specifically, Congress enacted 12 U.S.C. § 1452(f),

which Freddie Mac asserts is the basis for removal in this case. Section 1452(f), entitled

"[a]ctions *by and against* [Freddie Mac],"[2] states, in pertinent part:

> (1) [Freddie Mac] shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28; (2) all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) *any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac]*, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of [Freddie Mac] is located, by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f) (emphasis added).

The plain language of § 1452(f), especially when considered in contrast to § 1441(a), the general removal statute, indicates that Freddie Mac need not be a defendant to remove a case to federal court. Section 1452(f), unlike § 1441(a), does not state that the action "may be removed *by the defendant or the defendants*," rather, it states that Freddie Mac may remove "*any* civil or other action, case or controversy . . . to which [Freddie Mac] *is a party*." There is no limitation, in § 1452(f), that the removing party be a "defendant," rather, the prerequisite at issue is simply that Freddie Mac be a "party" to the case. As a Plaintiff/Counterclaim Defendant in this case, Freddie Mac is unquestionably a "party." Therefore, because Freddie Mac is a party, Freddie Mac has the right to remove the case to federal court.[3] *See Fed. Home Loan Mortg. Corp. v.*

---

[2]The statute refers to Freddie Mac as "the Corporation." 12 U.S.C. § 1451 (defining "Corporation" as "the Federal Home Loan Mortgage Corporation created by this chapter").

[3]Although the Brookses did not argue that the last part of § 1452(f), requiring that Freddie Mac "follow[] any procedure for removal of causes in effect at the time of such

*D'Antonio*, No. 94-287, 1994 WL 117789, at *1 & n.1 (E.D. La. Mar. 30, 1994) (concluding that § 1452(f) gave Freddie Mac, as plaintiff, the right of removal); *see also Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 845 (2d Cir. 1976) (concluding that the FDIC, as realigned party plaintiff, could remove a case to federal court under 12 U.S.C. § 1819(4),[4] which permitted removal of "any suit 'to which the Corporation shall be a party'"); *S & I 85-1*, 22 F.3d at 1072 (11th Cir. 1994) (concluding that the FDIC, as plaintiff and counterclaim defendant, could remove a case to federal court under 12 U.S.C. § 1819(b)(2)(B), which stated that "the Corporation may . . . remove any action, suit, or proceeding . . . [within 90 days after] the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party").[5]

PNC also filed a memorandum describing an alternative basis for removal in this case. The court need not consider the validity of this alternative basis, because Freddie Mac's decision to remove this entire case applies to all of the parties in the case, and the Brookses have not argued otherwise. *See Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) (in the context of removal by a federal officer, "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court.").[6]

---

removal," prohibits removal in this case, the court notes that such an argument has been rejected by the Second Circuit. *Franklin Nat'l*, 532 F.2d at 846 (referring to "removal procedure" in a parallel statute as the "where," "when," and "how" that a party must follow in petitioning for removal).

[4]Congress subsequently amended the relevant language in § 1819.

[5]The Eleventh Circuit in *S & I 85-1* contrasted § 1819(b)(2)(B) with the general removal statute by stating that "[t]he general removal statute expressly limits the power of removal to defendants. Section 1819 contains no such limitation." *S & I 85-1*, 22 F.3d at 1072.

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

## V. **CONCLUSION**

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. #32) is DENIED.

2. Because the Motion to Remand has been resolved, Defendants shall show cause, if any there be, **on or before July 15, 2011**, why Plaintiff Freddie Mac's Motion to Dismiss (Doc. #25) should not be granted. Plaintiff Freddie Mac shall have **until July 22, 2011**, to file any reply it may wish to file. The motion will be taken under submission on that day for determination without oral argument.

3. Pursuant to the Notice of Voluntary Dismissal with Prejudice (Doc. #42), McCalla Raymer, LLC is DISMISSED from this case with prejudice, on a *pro tanto* basis.

DONE this 1st day of July, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE